# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW CORDOVA, | |
| Plaintiff, | Case No. 2:13-CV-1111-KJD-VCF |
| v. | **ORDER** |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff's Motion For Request for 54(b) Certification with Respect to the Court's 06/12/2015 Order (#42) to which Defendants responded (#44) and Plaintiff replied (#45).

I.  Procedural History

Plaintiff filed a Complaint (#27 Exhibit A) on May 20, 2013 alleging causes of action for breach of contract, breach of fiduciary duty, violation of Nevada Unfair Claims Practices Act, and breach of the implied covenant of good faith and fair dealing.  Defendants filed a Motion to Dismiss (#30) Plaintiff's breach of fiduciary duty claim.  Defendants also filed a Motion for Summary Judgment (#27) as to Plaintiff's other claims.  On April 8, 2015 the Court granted the Motion to

Dismiss since there is no cause of action for breach of fiduciary duty between an insurer and its insured in Nevada.

On June 12, 2015 the Court denied in part and granted in part, Defendants' Motion for Summary Judgment denying Plaintiff's claims regarding bad faith, unfair practices, and punitive damages and preserving Plaintiff's breach of contract claim. Plaintiff now moves to certify that order under Rule 54(b) for immediate appeal. At issue in Plaintiff's present motion is whether the following inquiries are questions of fact: 1. whether Plaintiff signed a "medical and wage authorization" and 2. whether Defendants were prejudiced by the alleged failure to do so.

II.  Analysis

Rule 54(b) authorizes a court to direct the entry of final judgment as to one or more, but fewer than all, of the claims or parties if multiple claims and parties are involved. However, the Court must find that there is no just reason for delay and must make an express direction for the entry of judgment. See Fed. R. Civ. P. 54(b). In making a Rule 54(b) determination, the court must consider the historic, federal policy against piecemeal appeals. See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co. v. J.D. Archer, 655 F.2d 962, 965 (9th Cir. 1981). "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." See id. The court should not enter a Rule 54(b) judgment unless it has made specific findings setting forth the reasons for its order. See id. Claims subject to the Rule 54(b) judgment do not have to be separate from and independent of the remaining claims. See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797 (9th Cir. 1991). However, when the facts on all claims and issues entirely overlap, and successive appeals are essentially

1  inevitable, a Rule 54(b) request should not be granted. <u>Wood v. GCC Bend, LLC</u>, 422 F.3d 873, 883
2  (9th Cir. 2005).

3        When ruling on a Rule 54(b) motion, the district court must first determine that it is dealing
4  with a final judgment, i.e. an ultimate disposition of a cognizable claim for relief entered in the
5  course of a multiple claims action. <u>See</u> <u>Curtiss-Wright Corp.</u>, 446 U.S. at 7. In other words, the
6  court's ruling must, at a minimum, dispose of at least a single substantive claim. <u>See</u> <u>Spiegel v. Trs.</u>
7  <u>of Tufts Coll.</u>, 843 F.2d 38, 43 (1st Cir. 1988). Once finality is determined, the district court must
8  then determine whether there is any just reason for delay. <u>See</u> <u>Curtiss-Wright Corp.</u>, 446 U.S. at 8.
9  In deciding whether there are no just reasons to delay, the court must take into account judicial
10 administrative interests as well as the equities involved. <u>See</u> <u>id.</u> Factors to consider include:
11 whether certification would result in unnecessary appellate review, whether the claims finally
12 adjudicated were separate, distinct, and independent of any of the other claims or counterclaims
13 involved, whether review of these adjudicated claims would not be mooted by any future
14 developments in the case, and whether the nature of the claims is such that no appellate court would
15 have to decide the same issues more than once even if there are subsequent appeals. <u>See</u> <u>Morrison-</u>
16 <u>Knudsen Co.</u>, 655 F.2d at 965.

17       Having read and considered Plaintiff's motion and having weighed the factors, the Court
18 finds, first, that the order entered June 12, 2015 is a final judgment on Plaintiff's bad faith, unfair
19 practices, and punitive damages claims. The Court finds that these claims are not factually severable
20 from the remaining claim for breach of contract. Further, Plaintiff has failed to provide analysis on
21 this point. At issue in Plaintiff's present motion is whether he signed [and sent] a "medical and wage
22 authorization" and whether Defendants were prejudiced by the alleged failure to do so. To resolve
23 this issue, a question of fact must be addressed: whether Defendants' alleged failure to provide
24 uninsured medical payments is related to Plaintiff's alleged failure to comply with Defendants'
25 medical and wage authorization requirement. A similar question of fact was considered by the Court
26

in its June 12, 2015 order dismissing the aforementioned claims.[1]  Further, regarding Plaintiff's breach of contract claim, the Court found a genuine issue of material fact as to whether Plaintiff sent Defendants the signed authorizations it requested[2].  A resolution on whether there was a breach of contract would affect an appeal on the other issues.   If the Court grants the present motion, different panels on appeal will be required to consider the same facts in resolution of the issues on appeal. Therefore, the Court finds there are just reasons for delay of an appeal on the dismissed issues and allowing appeal will detract from sound judicial administration.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion For Request for 54(b) Certification with Respect to the Court's 06/12/2015 Order (#42) is **DENIED**.

DATED October 21, 2015.

_____
Kent J. Dawson
United States District Judge

---

[1] "Defendant[s] argue[ ] that [they] acted in accordance with accepted practices and had a reasonable basis for disputing Plaintiff's coverage. Defendants state that [they] attempted to acquire Plaintiff's medical and employment information several times. After they were unable to do so, Defendants referred Plaintiff's claim file to a nurse for review...This showing is sufficient to shift the burden to Plaintiff, who must set forth specific facts demonstrating that a genuine issue exists...Plaintiff fails to meet this burden." Order on Motion for Summary Judgment #41 at 7.

[2] Although Plaintiff states in his present motion that the affidavit in support of this assertion was "disregarded by the court," the Court reiterates the point made in its June 12, 2015 order that this assertion "is not entirely corroborated by the record. The Court has not found (and Plaintiff has not cited) any evidence suggesting Plaintiff sent Defendant[s] an employment authorization." Id. at 5. Further, the Court noted that the record contained conflicting information as to whether Defendant[s] ultimately *received* Plaintiff's medical authorization. Id.