UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDREW CORDOVA,<br><br>                           Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY, DOE<br>INDIVIDUALS I-X AND ROE<br>CORPORATIONS I-X, inclusive,<br><br>                           Defendants. | Case No. 2:13-cv-1111-KJD-VCF<br><br><br>AMENDED ORDER |

Presently before the Court is Defendant's Motion to Alter or Amend Judgment to Apply Offsets and Policy Limit Cap to Jury Verdict (#113). Plaintiff filed a response in opposition (#119), to which Defendants replied (#123).

**I.   Background and Procedural History**

This case arises from an automobile accident that occurred on July 31, 2012. Plaintiff, Andrew Cordova, was traveling east on Owens when another driver ran a stop sign striking Plaintiff's vehicle. Plaintiff sustained injuries as a result of the accident and required treatment. At the time of the accident, Plaintiff was the named insured on an American Family Mutual Insurance Co. policy. Plaintiff's policy included an uninsured/underinsured motorist provision (UIM) limited at $100,000. The cost of Plaintiff's care exceeded the policy limits of the adverse driver and Plaintiff submitted a claim to Defendant, American Family, under his UIM coverage. Defendant denied the claim stating Plaintiff's injuries were pre-existing. Plaintiff then brought

1  this action. Plaintiff's complaint included claims for breach of contract, breach of fiduciary duty,
2  breach of implied covenant of good faith and fair dealing, and unfair practices. The Court
3  granted Defendants' motion for summary judgment on all claims but the breach of contract
4  claim. At trial, the jury awarded Plaintiff $351,500.

**II.     Analysis**

Prior to trial, the parties agreed to an offset of $25,000, which included a $15,000 payment from the adverse driver's insurer, Progressive, and a $10,000 payment from Plaintiff's medical payments portion of his insurance policy. The Court will apply this offset to the final judgment amount.

The Defendant, American Family Insurance, asks the Court to amend the jury verdict to the policy limit, which caps Plaintiff's recovery at $100,000. In support, Defendant argues the lack of bad faith precludes Plaintiff from recovering more than the contracted amount. Additionally, Defendant argues Plaintiff cannot recover consequential damages that were not pled in the complaint nor litigated at trial.

Plaintiff argues that all damages in excess of the policy limit are consequential damages that flow directly from the breach of contract, which make them recoverable under applicable contract law. Consequential damages are appropriate in various causes of action. See United States Fidelity & Guaranty Co. v. Peterson, 540 P.2d 1071, 1071 (Nev. 1975) (finding consequential damages appropriate after a showing of bad faith by insurer); See also Goodrich & Pennington Mortgage Fund, Inc. v. J.R. Woolard, Inc., 101 P.3d 792, 797 (Nev. 20014) (finding consequential damages appropriate after negligent misrepresentation); See also Harris v. Shell Development Corp., Nevada, Inc., 594 P.2d 731, 733-734 (Nev. 1979) (finding consequential damages appropriate in a breach of executory real estate contract); See also Olson v. Richard, 89P.3d 31, 36 (Nev. 2004) (finding consequential damages appropriate after breach of good faith and fair dealing).

In the context of breach of contract, consequential damages may be appropriate when

they "arise naturally [from the breach], or were reasonably contemplated by both parties at the time they made the contract." Hornwood v. Smith's Food King No. 1, 772 P.2d 1284, 1286 (Nev. 1989) (citing Connor v. Southern Nevada Paving, 71 P.2d 800, 801 (Nev. 1987)). At the time of trial, Plaintiffs only remaining cause of action was breach of contract.[1] Therefore, Plaintiff needed to show his damages naturally flowed from Defendant's breach of contract or, alternatively, that both parties reasonably contemplated such damages at the time they entered into the contract. The Court finds the Plaintiff has not demonstrated either.

Plaintiff argues that his damages flow naturally from Defendant's alleged breach of contract. In support, Plaintiff claims that had Defendant paid the policy limit when originally requested, Plaintiff would have received the necessary medical treatment and returned to work, thereby eliminating his damages claims amounting to $251,300 for past pain and suffering and past lost wages. These claims, however, flow from the action of the adverse driver, not from the Defendant. While Plaintiff's damages may have been lessened by Defendant's prompt payment of Plaintiff's UIM benefits, Plaintiff's injuries and the resulting medical treatment naturally arise from the conduct of the tortfeasor. Therefore, the Court finds that Plaintiff's claim for consequential damages did not arise naturally from Defendant's breach.

Additionally, Plaintiff had a duty to mitigate these damages and failed to do so. "As a general rule, a party cannot recover damages for loss he could have mitigated by reasonable efforts." Sheehan & Sheehan v. Nelson Malley & Co., 117 P.3d 219, 226 (Nev. 2005). There is no support on record demonstrating that Plaintiff reasonably attempted to mitigate the damages he now claims are recoverable. Therefore, due to his failure to mitigate damages, the Plaintiff cannot recover his alleged consequential damages.

---

[1] The Court previously determined there was no genuine issue of material fact and granted summary judgment on Plaintiff's bad faith claim.

Plaintiff also fails to prove that both parties contemplated these damages at the time they entered into the contract. At the time the parties entered into the contract, they agreed upon UIM coverage of $100,000. Absent bad faith, Defendant cannot reasonably be responsible for any award in excess of the contractually agreed upon policy limit.

### III.    Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Alter or Amend Judgment to Apply Offsets and Policy Limit Cap to Jury Verdict (#113) is **GRANTED**;

**IT IS FURTHER ORDERED** that the jury award is altered to $100,000;

**IT IS FURTHER ORDERED** that Plaintiff amend his Motion for Costs and Prejudgment Interest (#115) to reflect the amended award, **WITHIN 14 DAYS** of entry of this order.

DATED this 28th day of July 2016.

_____
Kent J. Dawson
United States District Judge