# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANDREW CORDOVA,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, et al.,

    Defendants.

Case No. 2:13-CV-1111-KJD-VCF

**ORDER**

Presently before the Court is Plaintiff's Amended Motion for Costs and Prejudgment Interest (#129). Defendant filed a response in opposition (#132), to which Plaintiff replied (#133).

**Costs**

The type of costs that can be taxed in favor of the prevailing party in a federal litigation are set by statute in 28 U.S.C. §1920, which is strictly limited by §1821. Local rules 54-1 through 54-12 further explain what costs are allowed in this District. The Court may not tax costs under FRCP 54(d) that are not authorized by statute or Court rule. <u>Arlington Cent. School Dist. Bd. of Educ. v. Murphy</u>, 548 U.S. 291 (2006). 28 U.S.C. §1920 allows for recovery of the following expenditures:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;

     (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

LR 54-1 et. seq. further clarifies these categories.

  Pursuant to Section 1821(a)(1) and (b), the recoverable costs for witnesses, both expert and general fact witnesses, are limited to $40.00 per day for the witnesses' attendance at trial and during depositions. A court may tax expert witness fees in excess of the limit only when the witness is court appointed and essential to the proceeding or if the recovery of all witness fees was explicitly authorized by contract. <u>Tracey v. American Family</u>, 2010 U.S. Dist. LEXIS 139323.

  Plaintiff seeks costs for, inter alia, expert witnesses at trial and deposition.  These experts were not appointed by the Court, nor is there any indication that witness fees were explicitly authorized by a contract between the parties.  Further, with the exception of expert witness fees and deposition costs, Defendant's motion in opposition does not address any other costs submitted by Plaintiff.  Therefore, the Court approves the taxing of costs for Plaintiff's expert and general fact witnesses at the statutory rate of $40.00 per day.

  Additionally, to the extent Plaintiff's motion invites the Court to reverse its ruling on consequential damages (#127), it is **denied**.

**Pre-Judgement Interest**

  State law controls the rate of prejudgment interest in diversity cases. <u>Northrop Corp. v. Triad Int'l  Mktg., S.A.</u>, 842 F.2d 1154 (9th Cir. 1988). Additionally, NRS 17.020 provides an award of prejudgment interest to prevailing Plaintiff in this action.

  Plaintiff was awarded damages in the amount of $351,500.00 at the conclusion of trial. An offset was applied to this award in the amount of $25,000.00.  This Court subsequently reduced the award to Plaintiff's Uninsured Motorist policy limit cap of $100,000.00  (##127 and 130).

  Defendant objects to an award of prejudgment interest to Plaintiff citing Plaintiff's alleged refusal to cooperate with Defendant by failing to provide requested information prior to filing suit.

However, Defendant fails to provide any authority to support its position. Therefore, the Court approves Plaintiff's requested prejudgment interest amount of $15,150.36.

      Accordingly, IT IS HEREBY ORDERED that Plaintiff's Amended Motion for Costs and Prejudgment Interest (#129) is **Granted in part**;

      IT IS FURTHER ORDERED that the Clerk of the Court shall file an amended judgment for Plaintiff against Defendant in the amount of $100,000.00;

      IT IS FURTHER ORDERED that the Clerk of the Court shall award Plaintiff prejudgment interest in the amount of $15,150.36.

      DATED this  2nd  day of March 2017.

                                                                          Kent J. Dawson
                                                                        United States District Judge